UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEMAR RHOME, | )<br>) |
| Plaintiff, | )<br>) CASE NO. C09-1366-JLR-BAT<br>) |
| v. | )<br>) **REPORT AND** |
| AUDREY ANDERSON, *et al.* | ) **RECOMMENDATION**<br>) |
| Defendants. | )<br>) |

*Pro se* plaintiff Demar Rhome was convicted of first-degree murder as an accomplice in a stabbing. *State v. Rhome*, 2008 WL 485043 (Wash. Ct. App. Feb. 25, 2008). Mr. Rhome applies to proceed *in forma pauperis* (IFP) (Dkt. 4) with a proposed 42 U.S.C. § 1983 civil rights complaint (Dkt. 1). Mr. Rhome sues Kialani Brown and Detective Rolf Norton for their testimony at the murder trial (Dkt. 1, at 3, 5), Audrey Anderson for statements made to Detective Norton during the police investigation (Dkt. 1, at 5–6), and King County prosecuting attorney Hugh Barber for his pretrial and trial conduct. Mr. Rhome seeks (a) $3 million in damages from Ms. Anderson, and (b) a new criminal trial. (Dkt. 1, at 26.) The Court recommends denial of the IFP application (Dkt. 4) and dismissal of the proposed § 1983 action (Dkt. 1) without prejudice because Mr. Rhome cannot establish that the underlying sentence or conviction has been invalidated, *see Heck v. Humphrey,* 512 U.S. 477, 483–84 (1994), and his claim for injunctive relief in the form of a new

REPORT AND RECOMMENDATION – 1

trial must be brought in his pending habeas corpus petition, *see Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

**DISCUSSION**

If the *pro se* complaint is construed liberally to assert damages claims against all defendants, Mr. Rhome alleges that prosecuting attorney Mr. Barber conducted a malicious or wrongful prosecution, and that Ms. Brown, Ms. Anderson, and Detective Norton conspired with the prosecution to create false police reports and false trial testimony, all in violation of his constitutional rights to due process and a fair trial. (Dkt. 1, at 3– 7, 21, 23–32.) Ms. Brown and Detective Norton both testified at trial; Ms. Anderson, Mr. Rhome's former girlfriend, did not. Ms. Brown wielded the knife in the stabbing for which Mr. Rhome was convicted as an accomplice. *Rhome*, 2008 WL 485043, at *1. Detective Norton testified that Ms. Anderson said that Mr. Rhome had assaulted and raped her, testimony that was elicited once the defense had introduced the topic of Mr. Rhome's relationship to Ms. Anderson.[1] *Id*. at *4. Ms. Anderson made her statements to Detective Norton in the course of the police investigation but did not otherwise participate in the prosecution or witness the relevant events.

In this proposed § 1983 action, the harm suffered by Mr. Rhome relates to an allegedly wrongful prosecution that led to an unfair trial and an invalid conviction. Where a § 1983 action, seeking monetary or declaratory relief, alleges constitutional violations which would necessarily imply the invalidity of the conviction or sentence, the petitioner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar

---

[1] Rather than object to this inadmissible testimony, the defense attempted to undermine Detective Norton's and Ms. Anderson's credibility. *Rhome*, 2008 WL 485043, at *4. After consulting with counsel outside the presence of the jury, the trial court permitted the inadmissible testimony to be remedied through redirect questioning. *Id.* The Washington Court of Appeals affirmed this resolution both because the issue was waived by defense counsel's failure to object and because the remedy was within the trial court's discretion. *Id.*

REPORT AND RECOMMENDATION – 2

proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (concluding that § 1983 claim was not cognizable because allegation of procedural defect, a biased hearing officer, would result in an automatic reversal of the prison disciplinary sanction); *Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor). Mr. Rhome has failed to establish that his conviction or sentence has been invalidated.

Furthermore, the only injunctive relief that Mr. Rhome seeks is a new trial. (Dkt. 1, at 26.) That is, in challenging the very fact of his imprisonment, Mr. Rhome seeks through this § 1983 action relief that can be granted only through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Where a complaint states a habeas claim instead of a § 1983 claim, a district court is to dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas petition and addressing it on the merits. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997). Mr. Rhome is already pursuing his claims for injunctive relief through a pending habeas petition. *See Rhome v. Fraker*, C09-85-RSL-JPD (W.D. Wash. filed Jan. 21, 2009). He may not pursue such claims through a § 1983 action.

Although a *pro* se litigant normally should be given leave to amend his or her complaint, here it is absolutely clear that the deficiencies in Mr. Rhome's proposed complaint cannot be cured by amendment. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (holding that a *pro se* habeas petitioner is entitled to a statement of the grounds for dismissal and an opportunity to amend the petition unless it clearly appears that the deficiency cannot be overcome by amendment); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."). Were the merits of the proposed complaint addressed, nearly all the claims would be dismissed with prejudice based on absolute testimonial immunity, absolute prosecutorial immunity, and failure to state a cognizable § 1983 claim against private parties.[2] Any amendment to the proposed complaint would, at best, present claims that would encounter the *Heck v. Humphrey* and *Preiser v. Rodriguez* barriers discussed in this Report and Recommendation.

## CONCLUSION

The Court recommends denial of the IFP application (Dkt. 4) and dismissal of proposed § 1983 action (Dkt. 1) without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of October, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[2] Ms. Brown and Detective Norton are entitled to absolute immunity from damages for their testimony as witnesses. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). Ms. Brown and Detective Norton are similarly entitled to absolute immunity from damages liability for any alleged conspiracy to commit perjury. *See Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000) (holding that "the rule of *Briscoe* applies to allegations of conspiracy to commit perjury by someone who has testified as a witness in the proceeding where the perjury took place"). Though not immune from suit for taking actions outside the scope of his official duties, Mr. Barber is afforded absolute prosecutorial immunity for his role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). There is no cognizable § 1983 claim against Ms. Anderson, a private party, because there is no indication that she was acting under the color of state law simply by answering questions posed by a police officer during the course of an investigation. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law, and we have stated that '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'") (quoting *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984) (some quotation marks omitted)).